Gen. 21]                                                                                    21

**BUSINESS AND PROFESSIONS**

MUNICIPALITIES − VALIDITY OF "GRANDFATHER" PROVISION
FOR LOCAL LICENSING OF HEATING CONTRACTORS

October 19, 1994

*The Honorable Alfred A. Hopkins*
*Mayor of Annapolis*

You have requested our opinion concerning the constitutionality of §9A-506 of the Business Regulations ("BR") Article, Maryland Code, which permits local subdivisions that required a license for heating, ventilation, air-conditioning, and refrigeration ("HVAC") services on or before January 1, 1990, to continue to require these licenses after a statewide licensing requirement took effect. Specifically, you have asked whether BR §9A-506 violates Article XI-E, §1 of the Maryland Constitution because it affects some municipalities differently than others. You have also asked whether the date chosen, January 1, 1990, is so arbitrary as to violate the Due Process Clause of the Fourteenth Amendment. Finally, you have asked whether BR §9A-506 is invalid because it deprives some municipalities of a funding source for their HVAC inspection duties.

For the reasons stated below, we conclude that BR §9A-506 does not violate Article XI-E, §1, because it is not a local or special law but rather a part of a public general law that treats all similarly situated municipalities even-handedly. We further conclude that the date chosen was not so arbitrary or capricious as to deny due process and that a municipality has no legal right to any specific source of funding for its inspection and enforcement activities.

# I

## Background

### A.    *The State Law*

BR §9A-506 was enacted in 1992 as part of a comprehensive State law regulating persons who provide HVAC services. Chapter 649, Laws of Maryland 1992. Under this law, a person who provides HVAC services must obtain a license from the State Board of Heating, Ventilation, Air-Conditioning, and Refrigeration Contractors and be covered by certain minimum amounts of insurance. BR §§9A-301 and 9A-402. The State law also sets the qualifications and continuing education requirements for State, county, and local HVAC inspectors. BR §9A-403.

BR §9A-506 provides, in its entirety:

(a)  Any subdivision of the State which required a local license to provide heating, ventilation, air-conditioning, or refrigeration services on or before January 1, 1990 may continue to require a local license for services performed within that subdivision.

(b)  Any subdivision which requires a local license under this section may not discriminate against applicants who are not residents of that subdivision.

(c)  In the event that any subdivision which requires a local license discontinues that requirement after the effective date of this Act, that subdivision may not thereafter adopt a license requirement.

(d)  A State license is required to provide heating, ventilation, air-conditioning, or refrigeration services anywhere within the State, whether or not the individual holds a local license.

This section was apparently considered necessary to overcome the prohibition in BR §1-204(b), which provides as follows:

> Except as otherwise provided in this article or Article 24, Title 11 of the Code, a county, municipal corporation, or other political subdivision of the State may not:
>
> (1)  require a local license in that county, municipal corporation, or political subdivision to engage in a business or occupation for which a State license is required under this article; or
>
> (2)  impose a local fee or tax to engage in a business or occupation for which a State license is required under this article.[1]

## B.    *The Annapolis Ordinance*

Annapolis's "Mechanical Code", as amended in 1991, requires a person who works as a mechanical contractor to obtain a mechanical contractor's license from the city's director of public works. Annapolis City Code §17.18.030A.[2]  The requirements for the various types of licenses are to be established by the department of public works. *Id*.  An applicant must satisfy State insurance requirements before a license will issue. Annapolis City Code §17.18.040.  The fee for a license is $50 for two years. §17.18.030C.

The city ordinance also requires a permit for the installation or erection of mechanical systems, the fee for which is based on the

---

[1] BR §1-204(a) excludes Baltimore City and Prince George's and Worcester Counties from the provision. BR §1-204(c) provides that a "municipal corporation ... may require a local license if necessary for regulatory purposes in the interest of the public health, safety, or morals." However, the fact that BR §9A-506 is written as an authorization, rather than as a prohibition, indicates that the General Assembly did not contemplate local HVAC licensing under BR §1-204(c).

[2] The term "mechanical contractor" is not defined but apparently includes those who install or replace mechanical systems, which include heating systems, ventilating systems, and cooling systems. *See* §17.18.060A.  Thus, this license is a local HVAC license.

value of the work to be done. §17.18.07A. Additional fees are charged for reinspection and investigations. §17.18.070B.

## II

### Municipal Home Rule

Article XI-E, §1 of the Maryland Constitution provides as follows:

> Except as provided elsewhere in this Article, the General Assembly shall not pass any law relating to the incorporation, organization, government, or affairs of those municipal corporations which are not authorized by Article 11-A of the Constitution to have a charter form of government which will be special or local in its terms or in its effect, but the General Assembly shall act in relation to the incorporation, organization, government, or affairs of any such municipal corporation only by general laws which shall in their terms and in their effect apply alike to all municipal corporations in one or more of the classes provided for in Section 2 of this Article. It shall be the duty of the General Assembly to provide by law the method by which new municipal corporations shall be formed.

This language limits only the power of the General Assembly to enact laws that are "special or local." It does not limit the power of the General Assembly to enact public general laws that may affect some municipalities differently than others. For example, in *Prince George's County v. Laurel*, 262 Md. 171, 277 A.2d 262 (1971), the Court of Appeals upheld a law extending the Regional District to include all of Prince George's County except for the City of Laurel. The Court noted that the Regional District Act is a public general law and that, despite the express mention of Laurel, the law was not merely local in its effect.

BR Title 9A is a comprehensive general law regulating HVAC services statewide. The fact that a single section of the title relates

to pre-existing local regulation does not alter its general character. In fact, the Court of Appeals has recognized that laws requiring occupational licensing in a political subdivision are not local laws, because they affect the right of persons who reside outside the jurisdiction to engage in that occupation. *Dasch v. Jackson*, 170 Md. 251, 261, 183 A. 534 (1936).

BR §9A-506 is part of a comprehensive public general law and deals with a subject matter that is of general, rather than simply local, concern. Hence, it does not violate Article XI-E, §1.[3]

## III

### Retroactivity

It has been suggested that BR §9A-506 is unconstitutional because "it was made retroactive to an arbitrary date." The retroactive nature of a statute alone does not render it unconstitutional. Instead, a retroactive statute will be upheld unless it is so arbitrary and capricious that it violates due process. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1 (1976).[4] In this instance, there is a rational explanation for the date chosen by the Legislature.

The first bill to regulate HVAC contractors passed by the General Assembly was House Bill 807 of 1988, which was vetoed by the Governor. Veto Message on House Bill 807, Laws of Maryland 1988 at 5369. This bill contained no provisions on local

---

[3] In addition, it could be argued that BR §9A-506 does apply to all municipalities uniformly, because it gives all municipalities the identical power: to continue in effect any HVAC licensing program they had in effect on or before January 1, 1990.

[4] A municipal corporation in Maryland has no due process rights that it can assert against the State. *See Board v. Secretary of Personnel*, 317 Md. 34, 44, 562 A.2d 700 (1989). *See also City of Chesterfield v. Director of Revenue,* 811 S.W.2d 375 (Mo. 1991). Nevertheless, for the sake of thoroughness, we address this argument.

licensing. Nor did House Bill 1036, which was introduced in 1989 but did not pass. The first bill to contain such a provision was House Bill 1009 of 1990. That bill provided that local subdivisions that had HVAC licensing prior to January 1, 1988, could continue to require local licensing.

In this context, the January 1, 1988, date served the purpose of preserving those local ordinances that existed before statewide licensing became an issue, while excluding ordinances that may have been passed with the view of gaining revenue while piggy-backing onto any State law that passed. Making a law retroactive to preclude action in anticipation of the law's passage is not irrational and does not violate due process. *Pension Benefits Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 730 (1984).

In subsequent years, the HVAC regulatory bill was reintroduced with the same provision, but the date was moved forward a year each time, so that only ordinances passed in the prior two years would be invalidated, while more established ordinances would be preserved.[5] In our view, the General Assembly's moving the date forward in this way did not render the retroactivity provision so arbitrary or capricious as to violate due process.


**IV**

**Municipal Finance**

It has also been suggested that BR §9A-506 is invalid because it "fails to create a procedural or funding mechanism for city enforcement of its [HVAC] regulations." In fact, the structure of the ordinance would suggest that the city's inspection of mechanical services and enforcement of its mechanical code are funded through the permit mechanism, which is not preempted by BR §9A-506. In any event, the city has no right to a special funding source for these functions.

---

[5] *See* House Bill 560 of 1991 and House Bill 1386 of 1992. House Bill 1386 was enacted as Chapter 649 of the Laws of Maryland 1992.

A municipal corporation is a creature of the State and is subject to absolute control by the Legislature. *Rockville v. Randolph*, 267 Md. 56, 296 A.2d 574 (1972). Municipalities have no inherent rights, but derive whatever powers they possess from the Legislature. *Jewel Tea Company v. Bel Air*, 172 Md. 536, 192 A. 417 (1937). The Legislature can modify, alter, or abolish those rights and duties at any time. *City of Frederick v. Groshon*, 30 Md. 436 (1869).

Funds held by a municipal corporation are held for the benefit of the public and also are subject to the control of the Legislature. *State v. Baltimore & Ohio R.R. Co.*, 12 G. & J. 399 (1842). *See also Revell v. Annapolis*, 81 Md. 1 (1895) (Legislature may require a municipality to issue bonds to pay for a school); *Hagerstown v. Sehner*, 37 Md. 180 (1872) (Legislature may revive municipal liability for riot damages). The absolute control of the Legislature over municipalities extends to the taxes and fees that they may charge. *Controller v. Pleasure Cove Yacht Club, Inc.*, 334 Md. 450, 463, 639 A.2d 685 (1994). In fact, the Constitution provides that:

> No ... municipal corporation shall levy any type of tax, license fee, franchise tax or fee which was not in effect in such municipal corporation on January 1, 1954, unless it shall receive the express authorization of the General Assembly for such purpose, by a general law which in its terms and its effect applies alike to all municipal corporations in one or more of the classes provided for in Section 2 of this Article.

Annapolis has no legally cognizable right to license HVAC contractors or to charge a fee for that license, and elimination of that authority by public general law does not render BR §9A-506 unconstitutional.

# V

## Conclusion

In summary, it is our opinion that BR §9A-506 is entirely valid. The City of Annapolis may not enforce its Mechanical Code so as to require city licensing of HVAC contractors.[6]

J. Joseph Curran, Jr.
*Attorney General*

Kathryn M. Rowe
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

---

[6] We note that Anne Arundel County's licensing scheme is permissible under BR §9A-506, for it was in place prior to January 1, 1990.